# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN L. THOMAS,<br><br>        Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES;<br>FOURNIER LABORATORIES<br>IRELAND LIMITED; ABBOTT<br>PHARMACEUTICALS PR LTD;<br>MERCK/SCHERING-PLOUGH<br>PHARMACEUTICALS; MERCK & CO.,<br>INC., AND DOES 1 TO 500,<br>INCLUSIVE<br><br>        Defendants. | Case No. 2:12-CV-07005-MWF (CWx)<br><br>**\*\*\*\*NOTE CHANGES MADE BY COURT**<br><br>**ORDER RE: STIPULATED PROTECTIVE ORDER** |

## ORDER

**(Stipulation and Order Regarding Confidential Information)**

Upon the Stipulation of the parties, and for good cause shown, the Court issues the following protective order ("Confidentiality Order"):

WHEREAS, certain documents and information may be produced by Merck & Co., Inc.. ("Merck") and Abbott Laboratories, Inc. ("Abbott") (together, the "Defendants") in the above-styled proceeding (the "Action") which relate to the Defendants' confidential and proprietary information that may be subject to protection pursuant to Fed. R. Civ. P. 26(c);

WHEREAS, Allen L. Thomas' ("Plaintiff") medical records will be produced in this action, and may contain personal information which Plaintiff desires to limit in terms of its production and use beyond this Action; and

WHEREAS, Merck, Abbott and Plaintiff (together, the "Parties") will agree that a protective order will facilitate a timely and efficient discovery process;

IT IS HEREBY STIPULATED AND AGREED, AND FOR GOOD CAUSE SHOWN, ORDERED THAT:

### Scope

1. This Confidentiality Order shall govern (1) all documents, the information contained therein, and all other information produced or disclosed during this Action whether revealed in a document, deposition, other testimony, discovery response or otherwise, by either Merck or Abbott in this Action (the "Supplying Party") to any other party or parties (the "Receiving Party") and (2) the subpoenaing, production and use of Plaintiff's medical records, and related personal information contained therein.

2. The entry of this Confidentiality Order does not prevent any party from seeking a further order of this Court pursuant to Fed. R. Civ. P. 26(c).

3. Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

**A.  Defendants' Confidential Information**

1. "Confidential Information," as used herein, means information of any type, kind or character that a Supplying Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Fed. R. Civ. P. 26 (c), whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed. Any transcript of an in camera hearing shall be treated as Confidential Information pursuant to this Confidentiality Order.

2. Specific documents and discovery responses produced by a Supplying Party may be designated as containing Confidential Information by marking the pages of the documents with the words "Confidential" or "Confidential Information -- Subject to

Confidentiality Order" without obscuring any part of the text.  Such a designation shall subject the document and its contents to this Confidentiality Order.

3.      In lieu of marking the original of a document, a Supplying Party making a designation pursuant to paragraph 5 may mark the copies that are produced or exchanged. A party in this Action may designate as Confidential Information any document or information produced by or testimony given by any other person or entity that the party reasonably believes qualifies as Confidential Information pursuant to this Confidentiality Order.

4.      Any material produced or provided by a Supplying Party in this Action for inspection is to be treated by the Receiving Party as Confidential Information pending the copying and delivery of any copies of the same by the Supplying Party to the Receiving Party.

5.      Information disclosed at any deposition taken in connection with this Action may be designated by any party as Confidential Information in accordance with the procedures set forth below.  All testimony provided at deposition shall be considered Confidential Information for a set period of time as set forth below and the court reporter shall mark all pages of deposition testimony taken in this Action with the designation "Confidential."  In order to maintain the Confidential Information status of such testimony, a party must notify all other parties and the court reporter in writing within forty-five (45) days of receipt of the final transcript of the conclusion of a witness' testimony of the specific pages and lines of the transcript that should be treated as confidential.  Only those portions of the transcript so designated within that 45 day period shall be deemed Confidential Information.

**Permissible Disclosure of Defendants' Confidential Information**

6.      The Receiving Party may show and deliver Defendants' Confidential Information only to the following people:

(a)     Plaintiff's counsel of record, including attorneys, clerical, secretarial and other staff employed or retained by such counsel;

(b)     outside counsel for Defendants, including attorneys, clerical, secretarial and other staff employed or retained by such counsel;

  (c) designated in-house counsel for Defendants, including the clerical, secretarial and other staff working directly for in-house counsel in the legal department;

  (d) experts and consultants retained by any Party for purposes of assisting the Parties and their attorneys of record in the preparation and presentation of the claims or defenses if the proposed recipient signs the attestation attached as Exhibit A; however, if any party wishes to disclose Confidential Information to such an expert or consultant who is or has been within the past six (6) months an employee, officer, director, agent, contractor, subcontractor or non-litigation consultant of any company that manufactures, markets, distributes, or sells pharmaceuticals, the party wishing to make such disclosure shall provide the counsel who designated such information as confidential with information concerning the proposed recipient that does not identify the proposed recipient but is sufficient to permit an informed decision to be made with respect to any potential objection.  If the Supplying Party objects to the proposed disclosure, it shall within ten (10) days (1) request that the Court direct the party wishing to make disclosure to produce additional information about the proposed recipient and/or (2) submit such papers and argument as it may feel are necessary to allow the Court to make an informed decision. Because only the party seeking to make the disclosure may know who the proposed recipient is, it is the responsibility of the party seeking to make the disclosure to determine whether prior to making any disclosure the proposed recipient is a person described in this paragraph;

  (e) Judges and court reporters, court personnel or videographers present at trial, conferences, hearings, arguments or depositions held in this matter, subject to the terms set forth below;

  (f) any Special Master appointed by the Court, and any members of their staffs to whom it is necessary to disclose the information;

  (g) Subject to the provisions of paragraph 7 below, the Receiving Party may show Confidential Information to a witness during a deposition, hearing, or trial. Confidential Information shown to any witness during a deposition shall not lose its Confidential Information status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such

use. If, after a deposition is noticed or a hearing or trial is set, the Supplying Party objects to Confidential Information being shown to that witness, the Supplying Party shall attempt to confer with counsel to resolve the issue. If counsel are unable to resolve the issue themselves, counsel may seek an order from the Court prohibiting or limiting such use or for other relief. Furthermore, any deponent, other than a current employee of the Supplying Party or the author or recipient of a document containing Confidential Information, shall be shown a copy of this Order before being shown or examined about Confidential Information, and the terms of this Order will apply to any deponent who is shown or examined about Confidential Information;

(h)     other persons who may be specifically designated by consent of the Supplying Party or pursuant to Court Order; and

(i)     any physician who treated a Plaintiff for whom there is a litigation need to disclose Confidential Information produced by Defendants if the physician signs the attestation that is attached hereto as Exhibit A.

7.     Confidential Information shall not be disclosed or made available to persons other than those listed above.

8.     All persons to whom Confidential Information is provided under this Order shall be furnished with a copy of this Confidentiality Order and shall be bound by its terms, and counsel for each party shall maintain a log of all persons to whom they have provided a copy of this Confidentiality Order. Furthermore, prior to the disclosure of Confidential Information to any person identified in Paragraph 10(d), 10(g), or 10(i) hereof, besides being provided with a copy of this Confidentiality Order and agreeing to be bound by its terms, such person shall also execute a copy of the attestation which is attached as Exhibit A. Counsel for the party to whom the Confidential Information was produced shall obtain and maintain a copy of this executed attestation.

9.     With respect to a testifying expert designated by any party, a copy of such attestation shall be produced at the time the expert is deposed.

10.     Before disclosing Confidential Information to any person who is, independent of this litigation, a current director, officer, employee of, or counsel for a company other than Defendants that is marketing or has in development any type of

pharmaceutical product, or a consultant, other than an occasional consultant, who is currently consulting with respect to any type of pharmaceutical product, the party wishing to make such disclosure shall give at least ten (10) days' advance notice in writing to the counsel who designated such information as Confidential Information, stating the names and addresses of the person(s) to whom the disclosure will be made. If, within the ten day period, a motion is filed objecting to the proposed disclosure, the designated document or item shall not be disclosed unless and until ten days have elapsed after the appeal period from a Court order denying the motion. Alternatively, the party wishing to make such disclosure may provide the counsel who designated such information as Confidential Information with information concerning the proposed recipient that does not identify the proposed recipient but is sufficient to permit an informed decision to be made with respect to any potential objection.  If there is no consent to the disclosure within ten (10) days, the party wishing to make the disclosure may submit the information to the Court for a determination of whether the disclosure may be made.  The objecting party will have opportunities to (1) request that the Court direct the party wishing to make disclosure to produce additional information about the proposed recipient and/or (2) submit such papers and argument as it may feel necessary to allow the Court to make an informed decision.  Because only the party seeking to make the disclosure may know who the proposed recipient is, it is the responsibility of the party seeking to make the disclosure to determine prior to making any disclosure whether the proposed recipient is a person described in this paragraph.

## **Use of Defendants' Confidential Information**

11. All Confidential Information produced or exchanged in the course of this Action shall be used solely for the purpose of preparation and trial of the cases included in this Action and shall not be used in connection with any other matter or for any other purpose. Confidential Information shall not be disclosed to any person except in accordance with the terms of this Confidentiality Order.

12. Nothing contained herein shall be deemed to restrict in any manner any Party's use of its own confidential documents or materials.

13. Nothing herein shall affect the right of any party to seek additional protection against the disclosure of any documents or materials.

## Protection of Defendants' Confidential Information

14. Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and will limit access to Confidential Information to those persons authorized by this Confidentiality Order. In addition, any summary or copy of information shall be subject to the terms of this Confidentiality Order to the same extent as the information or document of which such summary or copy is made.

15. If Confidential Information in the possession of a Receiving Party is subpoenaed by any court, administrative or legislative body, or any other person or organization purporting to have authority to subpoena such data or information, the party to whom the subpoena is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such documents or information without first waiting ten (10) business days after notifying counsel for the Supplying Party in writing of (1) the information and documentation which is requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena has been issued.

16. If a Receiving Party learns of any unauthorized disclosure of Confidential Information, the Receiving Party shall immediately upon learning of such disclosure inform the Supplying Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information and to recover the Confidential Information received by each unauthorized person.

17. In the event a Supplying Party discovers after the production of any documents, materials, or information that it inadvertently produced or provided discovery of any Confidential Information without redacting, marking, or identifying it as "Confidential," the Supplying Party may provide written notice to the Receiving Party

that the document, thing or other information, response, or testimony is Confidential Information and should be treated as such in accordance with the provisions of this Order. Upon receipt of such notice, the Receiving Party must treat such documents, things, information, responses, and testimony as Confidential Information, and upon receipt of properly marked documents, shall return the unmarked documents and things and shall not retain, and shall take reasonable steps to ensure others have not retained, copies thereof.

   18.   The disclosure of Confidential Information to any person not qualified to receive such information or documents pursuant to the terms and conditions of this Confidentiality Order, or without following the terms and conditions of the Confidentiality Order, may subject the person making such disclosure to a finding of contempt and the imposition of sanctions, costs or other penalty, as ordered by the Court.

   19.   The inadvertent production by any party, whether in this Action or in any other proceedings, of a document subject to a claim of privilege, work product, or other statutory or court-ordered confidentiality shall not result in a waiver of any of the foregoing protections in this Action for the produced document or for any other privileged or immune documents containing the same or similar subject matter. Furthermore, irrespective of what may have already occurred or what may occur in the future in productions made during other proceedings, the fact of an inadvertent production by a party in this Action shall not be used as a basis for arguing that a claim of privilege, work product, or other statutory or court-ordered confidentiality has been waived in such other proceedings.  If any party should inadvertently produce a document, upon notice of such disclosure, all originals and copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be immediately returned to the Supplying Party, and such returned material shall be deleted from any litigation support or other database.  If the Receiving Party wants to challenges the claim of privilege, work product, or other statutory or court-ordered confidentiality, it must also promptly present the information in dispute to the court under seal for a determination of the claim.  The producing party must preserve the information until the claim is resolved.

20. Nothing herein shall prevent disclosure beyond the terms of this Confidentiality Order if the Party designating the information as Confidential Information consents in writing to such disclosure or, if the Court, after notice to all affected parties and a hearing, orders such disclosure.

21. Within forty-five (45) days after conclusion of any party's involvement in this Action, including any appeals related thereto, all Confidential Information produced pursuant to this Confidentiality Order, including all copies and notes taken from such information containing summaries of such Confidential Information (other than attorney work product which shall be clearly labeled as containing Confidential Information, and shall be maintained as confidential under the terms of this Confidentiality Order), shall be destroyed by the party in possession thereof and certified to have been destroyed by an affidavit provided to the Supplying Party. This includes all Confidential Information provided to outside persons. Counsel for the party who disseminated the Confidential Information shall bear the burden of retrieving any such documents from outside persons and destroying those documents in accordance with this paragraph.

### **Changes in Designation of Defendants' Confidential Information**

22. Any party may object to the propriety of the designation (or redesignation) of specific material as Confidential Information by serving a written objection upon the Supplying Party's counsel. The Supplying Party or its counsel shall thereafter, within ten (10) calendar days, respond to such objection in writing by either: (i) agreeing to remove the designation, or (ii) stating the reasons for such designation. If the objecting party and the Supplying Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the document will have its designation removed unless within thirty (30) days after written notice that the parties' negotiations are ended, the Supplying Party moves the Court for an order upholding the designation. On such motion, the Supplying Party shall have the burden of proving that the material is Confidential Information. The material(s) in issue shall continue to be treated as Confidential Information unless and until the Court decides otherwise.

23. Any Supplying Party may designate as Confidential Information or withdraw a Confidential Information designation from any material it has produced;

provided, however, that such redesignation shall be effective only as of the date of such redesignation. Such redesignation shall be accomplished by notifying counsel for each party in writing of such redesignation and simultaneously producing a re-designated copy of such material.

### Filing Papers in Court Records

24.   Papers consisting of, relating to, containing, incorporating, reflecting, describing, or attaching Confidential Information:  are to be submitted to the court for to the court for filing under seal. The submission must comply with Local Rule 79-5 and the assigned judge's policies and procedures as published on the court's website.

25.   When submitting Confidential Information pursuant to this paragraph, the submitting party shall submit only those pages of the deposition transcript, document, or other matter containing Confidential Information that are cited, referred to, or specifically relied on by the submitting party.

26.   Use of Confidential Information at trial shall be determined by subsequent agreement of the Parties or order of this Court.

### Miscellaneous Provisions

27.   It is expressly understood by and between the parties that in producing Confidential Information in this litigation, the parties shall be relying upon the terms and conditions of this Confidentiality Order.

**B.    Plaintiff's Personal Medical Information**

1.   Plaintiff acknowledges that, by bringing this personal injury lawsuit, Plaintiff has placed his medical condition at issue in this case.  However, Plaintiff has requested that the Parties agree to make efforts to generally limit the disclosure of Plaintiff's personal information, including but not limited to Plaintiff's personal medical information, to only this Action.  Subject to Merck and Abbott's regulatory compliance obligations, which shall not be effected by this Confidentiality Order, both Abbott and Merck agree to limit both the use and distribution of Plaintiff's medical records and personal information to only this Action.

2. Defendants and their attorneys of record shall not show or disclose any medical records of Plaintiff or any medical information about Plaintiff obtained through discovery in this case except in the following circumstances:

a. Disclosure may be made to Party witnesses, the Parties' respective attorneys of record, and to employees of the Parties' attorneys of record, Defendants' in-house counsel, Defendants' internal representatives, and Plaintiffs' experts and medical treaters and

b. Disclosure may be made to Defendants' medical consultants and experts, and any third party witness.

c. Disclosure may be made by Defendants to appropriate regulatory agencies in accordance with applicable laws and regulations;

d. Disclosure may be made by Defendants to its employees in accordance with Defendants' pharmacovigilance practices;

e. Disclosure may be made to any mediators, secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with any mediation process; and

f. Disclosure may be made to employees of outside copying, document imaging and facsimile services.

3. Before showing or disclosing any medical records of Plaintiff or any medical information about Plaintiff obtained through discovery in this case to those permitted by Paragraph 2b above, Defendants shall provide the person receiving the medical records a copy of this Confidentiality order and shall obtain the written attestation that is attached hereto as Exhibit A.

4. With respect to a testifying expert designated by Defendants, a copy of such attestation shall be produced at the time the expert is deposed.

5. This Confidentiality Order shall remain in effect permanently, and shall continue in effect even after this case is finally resolved.

C. **Miscellaneous Provisions**

1. By written agreement of the Parties, or upon motion and order of the Court, the terms of this Confidentiality Order may be amended or modified. This

Confidentiality Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this Action.

2.   Notwithstanding any other provision in the Order, nothing in this Confidentiality Order shall affect or modify Defendants' ability to review Plaintiff's information and report information to regulatory agencies.

**IT IS SO ORDERED.**

DATED: August 13, 2013

*Carla M. Woehrle*

THE HONORABLE
CARLA M. WOEHRLE
UNITED STATES MAGISTRATE
JUDGE